UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAIDA MAKHLOUF | ) | |
| Plaintiff, | ) | |
| v. | ) | No: 1:19-cv-04166 |
| | ) | |
| Kevin K. McAleenan, U.S. Department of Homeland | ) | |
| Security; DAVID BOWDICH, Deputy Director of | ) | |
| The FBI; THOMAS CIOPPA, USCIS, Chicago; | ) | |
| MIKE POMPEO, Department of State | ) | |
| and DAVID FRIEDMAN, U.S. Ambassador to Israel | ) | |
| Defendant. | ) | |

# COMPLAINT FOR MANDAMUS

Plaintiff, SAIDA MAKHLOUF ("MAKHLOUF") by and through her attorney REEM H.

ODEH, of the LAW OFFICES OF REEM H. ODEH, P.C. respectfully requests this Court to enter

an order directing the Defendant, Kevin K. McAleenan, Secretary of Homeland Security; DAVID

BOWDICH, as Deputy Director of Federal Bureau of Investigations, THOMAS CIOPPA, Chicago

District Director of the United States Citizenship and Immigration Services ("USCIS"), MIKE

PEMPEO, Secretary of State and DAVID FRIEDMAN, U.S. Ambassador to Israel to adjudicate

Plaintiff's children immigrant visa applications. In support of said request, the Plaintiff states as

follows:

## JURISDICTION AND VENUE

1. The is a civil action brought pursuant to 8 U.S.C. §1329, and 28 U.S.C. §§1331 (Federal

Questions) because Plaintiff's claims arise under the federal laws of the United States, and 1361

(Mandamus Act), and 1447(b) to redress the deprivation of rights, privileges, and immunities

secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendant to perform a

duty Defendant owes to Plaintiff. 5 U.S.C. §704 also confers jurisdiction, 28 U.S.C §2201

(Declaratory Judgment Act) and 5 U.S.C. §701 *et seq.* (Administrative Act of the Administrative

Procedure Act ("APA")).

2.  Venue is proper under 28 U.S.C. §1391(b), since Defendant McAleenan is the Secretary of U.S. Department of Homeland Security, BOWDICH is the Deputy Director of the Federal Bureau of Investigations, CIOPPA is the District Director of USCIS, POMOEO is the Secretary of State, and FRIEDMAN is the U.S. Ambassador to Israel agencies of the United States Government.

3.  This action is brought to compel the Defendants, officers and agencies of the United States, to perform its duties arising under the laws of the United States.

**4.**  The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 USC §555(b), which states that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  USCIS and the FBI are subject to 5 USCIS §555(b).  Plaintiff contends that the delays in processing her children immigrant visas are unreasonable.

## **PARTIES**

5.  Plaintiff MAKHLOUF, is a native of Jordan and a Permanent Resident of the United States, born on August 28, 1962.

6.  Defendant, McAleenan is the Secretary of the U.S. Department of Homeland Security, BOWDICH is the Deputy Director of the Federal Bureau of Investigations, CIOPPA is the District Director of USCIS, POMPEO is the Secretary of State and FRIEDMAN is the U.S. Ambassador to Israel, are agencies of the United States Government.

7.  DAVID BOWDICH is sued in his official capacity. The FBI is responsible for the proper

background clearance conducted on each applicant for immigration benefits.

## CLAIMS FOR RELIEF

8.      Plaintiff MAKHLOUF, is a native of Jordan and a Permanent Resident of the United States, born on August 28, 1962. (See Exhibit 1)

9.      That Plaintiff is the petitioner of two approved I-130 Petition for Alien Relatives, where she submitted them on behalf of her two children: Abdallah and Mukluf.

10.      That in or about November 2016, Plaintiff submitted her children visa application to the National Visa Center ("NVC")

11.      That NVC assigned the following case numbers for the visa applications: JRS2015705008 (for Abdallah) and JRS2015705007 for Mukluf.

12.      Subsequently the NVC forwarded the files to the US Embassy in Jerusalem ('Embassy").

13.      That Embassy informed both applicant to come to the Embassy to conduct the visa interviews on June 5, 2017 (See Exhibit 2).

14.      That Abdallah and Muluf went to the Embassy and successfully conducted their interviews.

15.      That since that date, Embassy did not make any decision regarding the visa applications.

16.      That despite Plaintiff's numerous inquiries, the visa applications are still under Administrative Processing.

17. It is the Plaintiff's belief that the applications remain unadjudicated.

18. The Defendants, in violation of the Administrative Procedure Act, is unlawfully withholding or unreasonably delaying a decision on approving Plaintiff's children immigrant visa applications.

19. The Plaintiff has exhausted any remedies that may exist.

WHEREFORE, Plaintiff prays that the Court, in light of the foregoing:

a. Compel Defendants and those acting under it to perform their duty adjudicate the Plaintiff's APPLICATIONs;

b. Compel the Federal Bureau of Investigation to complete its background process;

c. Grant attorney's fees and cost of court;

d. Grant such other and further relief as this Court sees proper under the circumstances.

Respectfully Submitted,

_____ /s/ Reem H. Odeh

Reem H. Odeh
Law Offices of Reem Odeh
134 N. LaSalle, 9th Floor
Chicago, Illinois 60602
312-739-1000-Phone
312-739-1190-Fax